UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER WILLIAMS,

    Plaintiff,

v.                                                                       Case No. 3:22-CV-955-TJC-MCR

RICKY DIXON in his Official Capacity as
Secretary of the Florida Department of
Corrections, CENTURION OF FLORIDA,
LLC, MHM HEALTH PROFESSIONALS,
LLC, ALEXIS FIGUEROA, M.D., KALEM
SANTIAGO, JASON HOWELL,
ELIZABETH HOLMES, TONY ABBOTT,
GERALD KNAUS, JESSEE MORRIS,
ADELE JOHNS, WENDY MILLETTE, and
SGT. SAVONIA RICHARDSON-GRAHAM,

    Defendants.
_____/

## DEFENDANT RICKY DIXON, SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW

Defendant Ricky Dixon ("Secretary Dixon"), in his official capacity as Secretary of the Florida Department of Corrections ("FDC"), by and through his undersigned counsel, hereby moves this Court to dismiss Plaintiff Elmer Williams' ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

1

cause of action against Secretary Dixon upon which relief can be granted. In support thereof, Secretary Dixon states as follows:

## INTRODUCTION

In his Complaint, Plaintiff brings the following claims against Secretary Dixon:

- Count I – First Amendment Retaliation under 42 U.S.C. § 1983 (for injunctive relief only as to Secretary Dixon).

- Count III – Eighth Amendment Deliberate Indifference to Serious Medical Needs under 42 U.S.C. 1983 (for injunctive relief only as to Secretary Dixon).

- Count IV – Violation of Title II of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act (RA).

Plaintiff's Complaint fails to state facts sufficient to demonstrate an ongoing violation of federal law. Therefore, Counts I and III for injunctive relief must be dismissed. Count IV of Plaintiff's Complaint for violation of the ADA is essentially a claim of inadequate medical treatment. However, claims of inadequate medical treatment are not cognizable under the ADA and Count IV must therefore be dismissed.

## MEMORANDUM OF LAW

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be

granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Using a "the-defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal*, 556 U.S. 662, 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*.

      **II.**    <u>**Count I against Secretary Dixon for First Amendment Retaliation must be dismissed because Plaintiff fails to state a claim upon which relief can be granted.**</u>

In Count I, Plaintiff pleads a violation of 42 U.S.C. § 1983 for First Amendment Retaliation. Plaintiff alleges that he wrote grievances complaining of abusive treatment by Defendants Figueroa, Richardson-Graham, and Howell, who

subsequently retaliated against Plaintiff (Doc. 1, ¶ 100). Plaintiff pleads Count I to Secretary Dixon for solely injunctive relief (Doc. 1, ¶ 103).

Generally, a suit against an agent in their official capacity is equivalent to a suit against the agency itself, and pursuant to Eleventh Amendment sovereign immunity, state agencies may not be sued in federal court. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Green v. Mansour*, 474 U.S. 64, 68 (1985). However, the Supreme Court in *Ex Parte Young* created a narrow exception to Eleventh Amendment immunity for actions seeking only prospective injunctive relief against officials for continuing violations of federal law. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908). The *Ex Parte Young* Doctrine does not allow claims for retrospective relief. Under the *Ex parte Young* doctrine, plaintiffs may only bring "suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (emphasis in original).

In Count I, Plaintiff alleges retaliatory actions by Dr. Alexis Figueroa, Nurse Jason Howell, and Sergeant Savonia Richardson-Graham. Based upon the facts as pled in the Complaint, each of these individuals are located at Suwannee Correctional Institution (Doc. 1, ¶¶ 12, 14, and 21). Each of Plaintiff's allegations of retaliation occurred at Suwannee Correctional Institution. Plaintiff has since transferred from Suwannee Correctional Institute to Reception and Medical Center

4

(RMC). (Doc. 1, ¶ 92). Plaintiff has not alleged retaliation against any staff at RMC. Thus, Plaintiff's claim of First Amendment retaliation in violation of 42 U.S.C. § 1983 against Defendant Dixon is predicated on allegations of past violations, none of which are ongoing in nature (Doc. 1, ¶¶ 23-98).

Plaintiff fails to allege sufficient facts requisite to demonstrate that Plaintiff continues to face continuing or ongoing retaliation at RMC and therefore Plaintiff's claim for prospective equitable relief is moot. *See Rowan v. Harris,* 316 F. App'x. 836, 838 (11th Cir. 2008) (Holding that an inmate's claim for injunctive relief regarding retaliation was moot after the inmate was transferred to another prison facility and "the guards against whom he seeks equitable relief are no longer in a position to retaliate against him.") "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Id.*

Because Plaintiff has failed to plead facts sufficient to demonstrate any continuing threat of retaliation at RMC, Plaintiff's claim for injunctive relief against Defendant Dixon is moot. Therefore, Count I of Plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

### III. Count III against Secretary Dixon for Deliberate Indifference to Serious Medical Needs fails to state a claim upon which relief can be granted.

In Count III of the Complaint, Plaintiff pleads a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment under 42 U.S.C. § 1983. Similar to Count I, Count III is also brought against Secretary Dixon in his official capacity solely for injunctive relief under the *Ex Parte Young* doctrine. Plaintiff requests injunctive relief requiring Secretary Dixon to "provide Plaintiff with necessary and immediate treatment to treat his serious medical conditions." (Doc. 1, ¶ 121).

To plead a deliberate-indifference claim, Plaintiff must show:

(1) that he had an objectively serious medical need;
(2) that the defendant acted with deliberate indifference to that need; and
(3) that the deliberate indifference caused the plaintiff's injury.

*Jones v. Rutherford*, 546 F. App'x. 808, 810 (11th Cir. 2013).

To establish that a defendant acted with deliberate indifference, Plaintiff must prove three elements:

(1) subjective knowledge of a risk of serious harm;
(2) disregard of that risk; and
(3) by conduct that is more than gross negligence.

*Kister v. Care*, No. 20-11537, 2022 U.S. App. LEXIS 21037 (11th Cir. Jul. 29, 2022).

All physicians and medical staff that Plaintiff complains of are located at Suwannee Correctional Institution. While the Complaint does not contain sufficient

detail to decipher the physicians' medical opinion, diagnosis, or recommended course of treatment for Plaintiff, it is clear from the face of the Complaint that Plaintiff regularly received medical attention. Plaintiff was evaluated by medical staff and/or completed some type of medical test on at least eighteen (18) different occasions in a six (6) month period. (Doc. 1, ¶¶ 24, 26, 29, 30, 31, 41, 44, 47, 49, 50, 51, 64, 66, 67, 68, 70, and 73).

Plaintiff was then transferred to the FDC Reception and Medical Center (RMC) in mid-August 2022 "for medical treatment" where Plaintiff received detailed results regarding the spread of his prostate cancer (Doc. 1, ¶¶ 92-93). Plaintiff has not made allegations against any staff at RMC. Based on the facts as stated in the Complaint, if any constitutional violations did occur, it would have been by staff at Suwannee Correctional Institution. Aside from the test results detailing the spread of Plaintiff's prostate cancer, the Complaint does not detail any of the medical treatment Plaintiff has received at RMC.

Considering Plaintiff's lack of allegations against any staff at RMC, or lack of allegation of inadequate medical treatment at Reception Medical Center, Plaintiff's Complaint has not sufficiently pled any threat of continuing constitutional violation to warrant injunctive relief. Even if, Plaintiff claims that an 8th Amendment "deliberate indifference to serious medical needs" violation is continuing, Plaintiff's

Complaint fails to sufficiently state what specific course of medical treatment is being requested in his request for injunctive relief.

Just as with Count I, Plaintiff's Count III claim under the *Ex Parte Young* Doctrine allows only prospective equitable relief for continuing violations of federal law and does not allow for retrospective relief. *See Ex Parte Young*, 209 U.S. at 159-60; *see also Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999).

Because Plaintiff has failed to plead facts sufficient to demonstrate any continuing threat of deliberate indifference to his serious medical needs, Plaintiff's claim for injunctive relief against Defendant Dixon is moot. Therefore, Count III of Plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

    **IV.**    **Count IV against Secretary Dixon for Violation of the ADA/RA fails to state a claim upon which relief can be granted.**

In Count IV of the Complaint, Plaintiff brings a claim that Secretary Dixon violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Specifically, Plaintiff alleges Defendant acted with deliberate indifference to Plaintiff's need for reasonable accommodation by:

    a) failure to accommodate his lower extremity numbness;
    b) failure to accommodate his incontinence of bladder and bowel;
    c) failing and intentionally refusing to train FDC employees regarding the humane management of physically disabled inmates;
    d) permitting sadistic officers to physically abuse Plaintiff; and

      e) fabricating records to hide Plaintiff's disability needs.
(Doc. 1, ¶ 134).

"Discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the two claims are generally discussed together." *J.S. v. Houston Cty. Bd. Of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017).

The purpose of the Americans with Disabilities Act of 1990 is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) (1990). Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1990).

To state a Title II claim, Plaintiff must prove:

(1) that he is a qualified individual with a disability;
(2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
(3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (citing 42 U.S.C. § 12132); *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

A plaintiff can proceed on theories of intentional discrimination, disparate treatment, or failure to make reasonable accommodations. *Alvey v. Gualtieri*, Case

No. 8:15-cv-1861, 2016 U.S. Dist. LEXIS 153837, at 16 (M.D. Fla. Nov. 7, 2016). Count IV of Plaintiffs' Complaint is essentially a claim of inadequate medical treatment, which is not a cognizable claim under the ADA. Therefore, Count IV of Plaintiff's Complaint fails to sufficiently plead a claim for relief and dismissal is required.

### A. Plaintiffs fail to put forth any factual allegation that Secretary Dixon intentionally discriminated against Plaintiff or provided inmate Plaintiff with disparate treatment.

Even assuming arguendo that inmate Plaintiff is a qualified individual with a disability, Count IV still must be dismissed as Plaintiff fails to identify any specific service, program, or activity that Secretary Dixon denied Plaintiff because of his disability.

Instead, the facts as pled in Plaintiff's Complaint seem to indicate that Plaintiff's claim is predicated upon an alleged failure to provide adequate medical treatment. However, this Court has held that "the ADA and RA were not intended to subsume medical malpractice claims, meaning allegations that a defendant failed to provide medical care to a disabled inmate does not give rise to claims under the ADA or RA." *O'Connor v. Jones*, Case No. 3:18-cv-1423, 2021 U.S. Dist. LEXIS 6421, at 19 (M.D. Fla. Jan. 13, 2021).

Further, "the ADA is not a remedy for medical malpractice and would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. *Jones v. Rutherford*, 546 F. App'x 808, 811-12 (11th Cir. 2013).

Because Plaintiff's allegations are essentially a claim of inadequate medical care, Plaintiff's complaint fails to state a claim under the ADA or RA. As such, Plaintiff has failed to state a valid claim under the ADA thereby requiring dismissal.

WHEREFORE, Defendant Ricky Dixon, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests this Court enter an order granting this Motion to Dismiss and dismissing Counts I, III, and IV.

## CONCLUSION

WHEREFORE, Defendant Ricky Dixon, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully requests this Court enter an order dismissing Counts I, III, and IV against Defendant Ricky Dixon.

Respectfully submitted,

*/s/ Jeffrey S. Howell*
Jeffrey S. Howell, Esq.
Florida Bar. No. 793840

*/s/ Michael A. Hodges*
Michael A. Hodges, Esq.

11

Florida Bar No. 1038476<br>
Howell, Buchan & Strong<br>
2898-6 Mahan Drive<br>
Tallahassee, Florida 32308<br>
Telephone: (850) 877-7776<br>
*Attorneys for Defendant Ricky Dixon as Secretary of the Florida Department of Corrections*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Secretary Dixon conferred with counsel for the Plaintiff. Counsel for the Plaintiff opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on October 3, 2022.

*/s/ Jeffrey S. Howell*
Jeffrey S. Howell, Esq.

*/s/ Michael A. Hodges*
Michael A. Hodges, Esq.